### WIDOW BIENVENU v. ALFRED VIENNE.

Where a person acts in a representative capacity, he cannot be personally bound, unless he makes a stipulation to that effect.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J.

J. *Magne, for plaintiff.*—1. The appellant contracted in his own name; and the authorities quoted, as to the rights and duties of tutors, cannot apply.

2. The agreement entered into was complete before the sale and the distribution of the proceeds, and consequently, before it was reduced to writing; therefore, all the authorities about the necessity of consent cannot apply; and the refusal of appellant to sign the annuity contract when he had pocketed the consideration, cannot avail him. C. C. 1755; 6 Toullier, p. 14, No. 23; 4 Larombière, pp. 239, 242, Nos. 10 and 11; 10 La. 225; Pothier, Obligations, No. 11.

3. The donation was made on condition, as shown not only by the oral evidence, but by the notarial acts; and if the annuity contract were repudiated, the donation should be declared null and void under Article 1484 C. C.

8

*L. Castera and A. Grima, for defendant.*—" The tutor cannot borrow for the minor, purchase for him immovables or slaves, or compromise respecting his rights, without an authority from the Judge, granted on the advice of a meeting of the family ;" and Art. 349 : " The tutor may accept legacies, donations, and other advantages made to his ward, but he cannot, in any case, dispose gratuitously of the movable or immovable property of the minor or of any part thereof." Thus far it is shown the defendant as tutor had a right to accept any gratuity, as he did in signing the distribution act herein, one simply beneficial to his children, and he was equally right in refusing his consent to the so-called annuity act, which, as it stands, lacks two essential elements to constitute a valid agreement, to wit : capacity and consent. See C. C. 1772 and 1757, 1759, 1773, 1775, 1791, *Cavelier* v. *Germain*, 6 La. 218, also C. C. 251.

The inferior Court admitted both the act and testimonial proof. Such ruling, we say, is unsupported by law. The instrument or annuity act was inadmissible, the defendant being no party to it. In the case of *Lombard* v. *Guillet & Wife*, 11 M. 453, it was decided that " a party who is named in a notarial act, but whose signature is not thereto, is not bound thereby ;" and in 6 New Series, 400, case of *Dick* v. *Maxwell* : " An incomplete instrument which has not received the signature of the parties, is inadmissible in evidence."

Were it admissible in law, still it is insignificant and valueless as to a third person not party to it. We further contend that no assistance could be derived from any testimonial proof to explain anything that might have been said before, or at the time of making it, or since. C. C. Art. 2256. In the case of *Macarthy* v. *Commercial Insurance Company*, 17 L. 369, the Court said : " Parol evidence or testimonial proof will not be received to show that in case of a donation of a house and lot by authentic act, it was agreed the donor should continue to receive and enjoy during lifetime the rents of the property." Also *Boner* v. *Mahle*, 3 Ann. 606. *Barthet* v. *Estebene*, 5 Ann. 315 ; *Stratton* v. *Rogers*, 11 Ann. 380.

Had plaintiff been induced to make sacrifice towards the performance on her part, her condition should not be bettered thereby. In the case of *Casson & Wife* v. *Fulton's Executors*, Casson had made a verbal sale, and received the stipulated price, and promised to make a regular conveyance, and afterwards refused to comply, the Court said : " It is believed that there are no legal means by which he could be compelled so to do." 5 Martin's Rep. 677; *Desboulets* v. *Gravier*, 1 N. S. 421.

It should not escape your Honors' attention, that the parol evidence goes to explain the very distribution act itself. You are naturally lead to look into the character of that act. It is, and it speaks for itself, an act of distribution; it contains all the elements of a donation, and is gratuitous and unconditional; 1. It was executed by authentic act (La. Code, Arts. 1523 and 1525); 2. The gratuity was accepted by the donees (La. C., Art. 1527, 349).

Can the party giving, when her liberal intention has received the sanction of an authentic act, come over and undo it?

We find in Troplong, Don. and Test., § 72:

"Non seulement la donation dépouille le donateur, mais encore elle le dépouille actuellement, c'est-à-dire, qu'elle est incompatible avec tous les moyens détournés par lesquels le donateur, après avoir donné, voudrait revenir sur sa libéralité, disposer de nouveau de la chose, ou amoindrir les effets du contrat par un repentir tardif. Le repentir n'est pas admis dans la donation. Aussi est-ce un vieil adage de notre droit q ' e "donner et retenir ne vaut." It is evident that the contract entered into on the 8th of February, 1860, was, in its nature, gratuitious, whether called distribution or donation ; and any attempt to change its nature, whether by extraneous evidence or otherwise, cannot be countenanced by a Court of law.

In the case of *Semple* v. *Fletcher*, 3 N. S. 384, the Court said: "The parol evidence, offered and admitted on the trial, went to prove that there existed a consideration for the conveyance, etc." This testimony was objected to, on the ground that the donation, by the terms of the act, being a pure and simple one, no evidence could be received to show it was one of a different character. We think the objection a good one, and that the Judge below erred in overruling it. The proof received went to change the entire character of the act. As written, it was a donation, purely such. With the testimony, it became a donation remuneratoire."

The act of 8th February, 1860, is unambiguous, and without condition or reserve. By its virtue the aggregatio mentis between the plaintiff and the defendant, as tutor aforesaid, received its consecration. If any agreement was entered into in view of amending that authentic act, it may be binding upon those who went parties to the same. As to the defendant and appellant, it is non est. Here, there is no issue of fraud to slacken the rule of Art. 2256 of the Louisiana Code. See *d'Aquin* v. *Barbour*, 4 An. 441.

HYMAN, C. J. Plaintiff proposed to make a partition of the proceeds of the sale of the community property acquired by her and her deceased husband, between her children, on the condition that they paid her a certain amount monthly, as an annuity.

Defendant was father and tutor of some of her grand-children, and he, as their tutor, accepted for them the partition, and received for them the amount of their share.

In the act of partition the proposed annuity was omitted.

He subsequently refused to sign a written contract stipulating for the payment of the annuity, and suit was brought to compel him to pay a part of the annuity (which it is alleged that he owed) amounting, at the time of the inception of the suit, to $576 00.

The District Judge gave judgment against him for the sum claimed, with interest and costs, and he has appealed.

Defendant acted, when consenting to the partition, and receiving his children's share in the partition, in a representative capacity; and in no part of the evidence is it shown that he agreed to be personally responsible for any part of the annuity.

It is ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed; and it is further ordered, adjudged and decreed, that there be judgment in favor of defendant, and that plaintiff pay the costs of both Courts.

HOWELL, J., recused.